**Enrique Carrera LERMA, Plaintiff,**

v.

**Oscar SAVAGE, W. J. Estelle, and Billy McMillian, Defendants.**

Civ. A. No. 76–H–784.

United States District Court,
S. D. Texas,
Houston Division.

March 8, 1982.

Patrick F. Timmons, Jr., Houston, Tex., for plaintiff.

JoAnna Vernetti, Asst. Atty. Gen., Huntsville, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This case was originally commenced in 1976. The plaintiff, an inmate at the Texas Department of Corrections (TDC), was transferred from the Retrieve Unit, a medium security prison unit, to the Ellis Unit, a maximum security prison unit. Plaintiff brought this action against defendants, state prison officials, under 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(3), alleging that the transfer was an attempt to punish him for testifying before the state legislature and for filing, and assisting other prisoners in filing, various suits against prison officials. Specifically, he contends that the actions of the prison officials violate his right to a hearing prior to transfer under the due process clause of the fourteenth amendment, and his right to free speech under the first amendment.

Subsequently, defendants filed a motion to dismiss for failure to state a claim, which this court granted, relying on *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). In these two cases, the Supreme Court held that:

> [N]o Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events.

*Montanye v. Haymes,* 427 U.S. at 242, 96 S.Ct. at 2547. The United States Court of Appeals for the Fifth Circuit vacated and remanded in an unpublished opinion, *Lerma v. Savage,* 559 F.2d 27, No. 77–1639, Summary Calendar, August 25, 1977, *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978).

In *Lerma,* the Fifth Circuit agreed with this Court on the due process claim, holding that *Meachum* and *Montanye* preclude the assumption that the transfer to a prison with less favorable conditions implicates a liberty interest of the prisoner within the meaning of the due process clause and therefore such a transfer does not give rise to a prisoner's right to a hearing. The court then noted that, under state statute and regulations, transfers to prisons with less favorable conditions are not conditioned *only* on proof of serious misconduct so as to give rise to a due process claim under *Meachum* and *Montanye.* In Texas, convicted felons are not sentenced to specific institutions within the prison system, *Tex. Penal Code* §§ 12.31–.34, and that the director of TDC may provide for separation and classification of prisoners at his discretion, taking into account such factors as sex, age, health, and corrigibility. *Tex.Rev.Civ.Stat. Ann.* art. 6166j.[1] Finally, the court determined that plaintiff's first amendment claim was not fully addressed by this Court and remanded the case for further consideration of this claim.

Following the remand to this court, defendants filed a motion for summary judgment and a renewed motion to dismiss, and plaintiff filed a cross-motion for summary judgment. These motions are before the Court today. For the reasons set out below, this court is of the opinion that defendants' motion for summary judgment should be granted and plaintiff's cross motion for summary judgment should be denied.

1. *Defendants' Motion for Summary Judgment*

▮ Defendants request a summary judgment in their favor on the first amend-

ment issue: whether the transfer of plaintiff had any punitive motivation which involved or affected plaintiff's first amendment right or any asserted right to serve as a jailhouse lawyer and have access to federal courts. Defendants contend that the affidavits, admissions, answers to interrogatories, and pleadings, taken together, demonstrate that retribution for plaintiff's exercise of the rights was not a motive for the transfer.

To their motion, defendants append the affidavit of Billy G. McMillan, Chairman of the classification committee at the time the plaintiff was transferred. Mr. McMillan states in his affidavit:

A transfer [of plaintiff] from the Retrieve Unit was recommended by a Unit Disciplinary Committee at Retrieve. The decision to transfer Lerma to the Ellis Unit was made by the Classification Committee and was based upon the difficulties that were experienced while Lerma was at the Retrieve Unit. Lerma was not transferred for punitive reasons, but because a transfer was considered to be in the best interests of the Texas Department of Corrections and the inmate.

Attached to this affidavit are the disciplinary records of plaintiff Lerma, which reflect the offenses committed by plaintiff and the punishments he was assessed during his two years at Retrieve. In his affidavit, Mr. McMillan states that these documents were considered by the classification committee and were the basis of their decision to transfer plaintiff from the Retrieve Unit to Ellis. The documents consist of a prisoner card containing the various punishments assessed on Lerma during his two years at the Retrieve Unit (pages 2–3), along with offense and disciplinary reports for offenses committed by plaintiff from January 22, 1974 through February 25, 1975. (pages 4–19) The offenses were committed on ten separate occasions, and consist of disobeying orders, laziness and failure to work, disrespectful attitude, loitering and general agitation.

[1]. Relevant portions of these statutes are set out    in part two of this Memorandum and Order.

Our starting point in determining whether a summary judgment is appropriate is the standard set out in Rule 56 of the Federal Rules of Civil Procedure: a summary judgment is appropriate only where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed.R. Civ.Pro.* 56(c). This Court's duty is to determine whether an issue exists, not to resolve any issues that do exist.

The burden of proof on a motion for summary judgment is on the movant. He must show conclusively that there is no issue as to a material fact. The evidence, and all inferences drawn from the evidence, must be read in the light most favorable to the party opposing the motion. *Adickes v. Kress & Co.*, 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). If the movant presents credible evidence that would entitle him to a directed verdict if not controverted at trial, this evidence must be accepted as true unless the party opposing the motion offers counter affidavits or other evidentiary material supporting his contention that an issue of fact remains, *Fed.R.Civ.P. 56(e).* The burden on the nonmoving party is not substantial—he need only show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

In the pleadings, plaintiff Lerma sets out the following facts with respect to his first amendment claim:

The said transfer was in fact effectuated as a form of punishment for plaintiff's actions in (a) testifying under oath before a lawfully constituted committee and the Texas legislature regarding certain acts of brutality previously committed by the prison officials upon prisoners at the said Retrieve Unit, and (b) filing and assisting other prisoners in drafting and filing various federal civil rights suits complaining of unconstitutional prison conditions and acts of the prison officials at said Retrieve Unit. . . .

Plaintiff's Original Complaint, at 2. Plaintiff, however, failed to respond, by affidavits or otherwise, to the allegations in defendant's motion for summary judgment. Although plaintiff filed both an amended complaint and a cross motion for summary judgment after defendants filed their motion for summary judgment, no additional specific facts as to the claim at issue here (the first amendment claim) were presented to the court.[2]

The fact that the defendants' affidavits are uncontroverted in this case, however, does not necessarily mean that summary judgment should be granted. For, the ultimate burden of proving the propriety of a summary judgment remains on the moving party:

[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*Adickes v. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) (emphasis in original), *quoting* Advisory Committee Notes on 1963 Amendment to Rule 56.

The absence of a genuine issue may not be established, for example, where, even though the basic facts of a case are undisputed, the parties disagree regarding the material factual inferences that may be drawn from the facts. *Cole v. Chevron Chemical Co.*, 427 F.2d 390, 393 (5th Cir. 1970) (citations omitted). Here, although facts raised in the defendants' motion for summary judgment and the attached affidavits concerning plaintiff's disciplinary record may be undisputed, there still could remain a question as to whether the offenses committed by plaintiff were actually the motivating force behind his transfer or

---

**2.** With respect to plaintiff's first amendment claim, plaintiff's amended complaint merely provides: "The transfer was effected as retaliation for plaintiff's exercise of his rights under the First Amendment, United States Constitution." Plaintiff's cross motion for summary judgment does not raise the first amendment claim at all. The matter presented in the latter motion is discussed fully in part two of this Memorandum and Order.

whether the transfer was really the result of plaintiff's exercise of his first amendment rights. The issue of motivation is normally not suited to disposition on summary judgment. E.g., *First National Bank v. Cities Service*, 391 U.S. 253, 284–85, 88 S.Ct. 1575, 1590–1591, 20 L.Ed.2d 569 (1968); *White Motor v. United States*, 372 U.S. 253, 259, 83 S.Ct. 696, 699, 9 L.Ed.2d 738 (1963); *Poller v. Columbia Broadcasting*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

For example, in a similar case, *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), plaintiff bus drivers contended that defendant school board officials violated their first amendment rights by not renewing plaintiffs' employment contracts. Plaintiffs alleged that the real motivation behind defendants' failure to renew their employment was retaliation for plaintiff's involvement in a lawsuit in state court in an effort to secure higher wages. The defendants filed a motion for summary judgment, which was supported by affidavits of school board members and the transportation supervisor, as well as minutes and transcripts from school board meetings, showing that retaliation was not the reason for defendants' failure to renew plaintiffs' contracts. With respect to the transportation supervisor, the district court granted defendants' motion for summary judgment holding that:

> The county transportation supervisor, the defendant Mr. Norman Hutchins, submitted his uncontroverted affidavit stating that his decision not to recommend to the board of education the renewal of the plaintiffs' contracts was not in any fashion retaliation for their involvement in the aforementioned lawsuits. The plaintiffs failed to show they have any countervailing evidence to offer on this issue; thus Mr. Hutchins could not be liable herein.

*Id.* at 65. The plaintiffs responded with a motion to reconsider and vacate, in which they pointed to discovery documents in which the defendant Hutchins made statements that were apparently inconsistent with his affidavit. The district court de-

nied plaintiffs' motion on the basis that plaintiffs failed to offer any affidavits in response to those in support of the motion pursuant to rule 56(e). The court of appeals reversed, holding that the district court could not use plaintiff's failure to respond as a basis for granting defendants' motion for summary judgment without first examining all materials before it under rule 56(c). The Court stated that the thrust of rule 56(e) is that a party may not simply rest on the allegations in his pleadings in opposing a motion for summary judgment. Rather, all materials must be considered, and a summary judgment is appropriate where the "facts alleged in the complaint were directly contravened in the affidavits supporting the defendant's motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit, or other document on file, except the pleadings." *Id.* The court held that, in the case before it:

> Viewing the discovery materials in the light most favorable to the plaintiffs, we believe that the admission attributed to Hutchins raises a genuine issue concerning whether Hutchins and the various board members acted with improper motive.... We do not think that the denials of Hutchins and of the various board members or even the members' voting records, showed conclusively that there was no issue of fact present regarding the motive for their collective action in not offering the plaintiffs continued employment.

*Id.* at 66.

In the present case, the uncontroverted affidavit of McMillan and the disciplinary records show that defendants transferred plaintiff on the recommendation of the disciplinary committee. While failure of plaintiff to respond with controverting affidavits is not always fatal, *see Smith v. Hudson, supra*, it is fatal in this case. For, there is nothing in the record, other than the allegations in the pleadings, to raise an issue concerning the facts as set out in defendants' motion for summary judgment.

As the court in *Smith* noted, "Plaintiffs are not entitled 'to get to the jury on the basis of the allegations in their complaint coupled with the hope that something can be developed at trial ...' " *Id.* at 65 (citing *First National Bank v. Cities Service,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Because the record in the present case is devoid of any incongruous facts, plaintiff should have responded to defendants' motion for summary judgment, by affidavits or otherwise, to show that there was some remaining material issue of fact as to defendants' motive. Plaintiff cannot rely solely on the allegations in the complaint. For these reasons, this Court is of the opinion that defendants' motion for summary judgment should be granted.[3]

### 2. *Plaintiff's Cross Motion for Summary Judgment*

Plaintiff's cross motion for summary judgment raises an issue discussed by the Fifth Circuit in their opinion reversing this

Court's original decision to dismiss this cause of action.[4] The motion is specifically based on the following language of the Fifth Circuit:

> In these companion cases (*Meachum v. Fano,* 427 U.S. 415, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Mantanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976)) the Court made it clear that the due process clause of the Fourteenth Amendment does not entitle a prisoner to a hearing when he is transferred to a prison with substantially less favorable conditions, *absent a state law or practice conditioning such transfers on proof of serious misconduct.*

*Lerma v. Savage,* 559 F.2d 27 cert. denied, 434 U.S. 1087, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978) (emphasis added). Plaintiff concludes from this language that a summary judgment in his favor is appropriate because (1) in Texas there is a state law or practice conditioning transfers to prisons with less favorable conditions on proof of

---

**3.** After filing the motion for summary judgment just considered, defendants filed a renewed motion to dismiss, requesting this court to "dismiss the Complaint in its entirety, on the grounds urged in defendants' first motion to dismiss." That is, defendants allege that the pleadings, admissions, affidavits, and accompanying documents demonstrate that plaintiff's transfer was not motivated by a desire to punish him for the exercise of his first amendment rights. Defendants contend that such documents "show the plaintiff experienced a great deal of difficulty adjusting to circumstances of the Retrieve Unit of the Texas Department of Corrections. They show that it was this failure to adjust which led to plaintiff's transfer to another unit." Defendants presumably are asking this court to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. When outside matter is presented to a court on such a motion as has been done here, the motion will be treated as one for summary judgment. *Fed.R.Civ.P.* 12(b). The issue that defendants ask us to dispose of in this motion to dismiss is the same as the issue in their previous motion for summary judgment, discussed above. And, for the same reason, their motion to dismiss, which has been converted into a motion for summary judgment, should be granted.

In the alternative, defendants requested this court to dismiss plaintiff's claims for injunctive relief on the grounds that such requests are moot because plaintiff is no longer in the custo-

dy of TDC. Plaintiff had requested this court (1) to transfer him back to the Retrieve Unit from the Ellis Unit, and (2) to enter an order restraining defendants from further punitive transfers of plaintiff from the Retrieve Unit to any other unit without a due process hearing. Because plaintiff is now in the custody of the federal system rather than TDC, defendants' motion to dismiss plaintiff's claims for injunctive relief should be granted, notwithstanding our holding on their motions.

**4.** The Fifth Circuit touched on plaintiff's statutory claims by noting that, under Texas law, factors other than proof of serious misconduct may be considered by the director of TDC, in his decision to transfer prisoner and then remanded the case to this Court for a full ventilation of plaintiff's first amendment claims. Although remand was specifically on the first amendment issue, plaintiff subsequently filed an amended complaint and cross motion for summary judgment. Plaintiff's amended complaint includes not only his first amendment claim, but also a restatement of his statutory claim. Plaintiff's cross motion for summary judgment raises only the statutory claim. Because plaintiff's statutory claim has been recharacterized so as to fit within an apparent exception in the language of the Fifth Circuit (quoted above) as to when a due process hearing is required, we feel it is necessary to address this new statutory issue fully.

serious misconduct, (2) conditions at the Ellis Unit are substantially less favorable than at the Retrieve Unit, (3) plaintiff's transfer was conditioned on proof of serious misconduct, and (4) no due process hearing was held. Because plaintiff has misconstrued the holding of the Fifth Circuit as applied to this case, this Court is of the opinion that his motion for summary judgment should be denied.

■ The Fifth Circuit's holding, as quoted above, relied on the Supreme Court's decision in *Meachum* and *Montanye*. The Supreme Court in these cases did *not* hold, nor did the Fifth Circuit imply by its quoted language above, that the due process clause entitles a prisoner to a hearing when he is transferred to a prison with substantially less favorable conditions *anytime* such transfers are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive. Transfers, whether or not they are the result of a prisoner's misbehavior or are labeled as disciplinary or punitive, do not trigger the right to a due process hearing unless there is an expectation rooted in state law that the prisoner will not be transferred *except for misbehavior or unless found guilty of misconduct.* We quote the Supreme Court's opinion in *Montanye* :

> The Court of Appeals did not hold, as did the Court of Appeals in *Meachum v. Fano,* that every disadvantageous transfer must be accompanied by appropriate hearings. Administrative transfers, although perhaps having very similar consequences for the prisoner, were exempt from the Court of Appeals ruling. Only disciplinary transfers having substantial adverse impact on the prisoner were to call for procedural formalities. Even so, our decision in *Meachum* requires a reversal in this case. We held in *Meachum v. Fano,* that no Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred *except for* misbehavior or upon the occurrence of other specified

events. We therefore disagree with the Court of Appeals' general proposition that the Due Process Clause by its own force requires hearings whenever prison authorities transfer a prisoner to another institution because of his breach of prison rules, at least where the transfer may be said to involve substantially burdensome consequences. As long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. *The clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.*

We also agree with the State of New York that under the law of that State, Haymes had no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred *unless* found guilty of misconduct. Under New York law, adult persons sentenced to imprisonment are not sentenced to particular institutions, but are committed to the custody of the Commissioner of Corrections. He receives adult, male felons at a maximum-security reception center for initial evaluation and then transfers them to specified institutions. Thereafter, the Commissioner is empowered by statute to "transfer inmates from one correctional facility to another." The Court of Appeals reasoned that because under the applicable state statutes and regulations, various specified punishments were reserved as sanctions for breach of prison rules and could not therefore be imposed without appropriate hearings, neither could the harsh consequences of a transfer be imposed as punishment for misconduct absent appropriate due process procedures. But under the New York law, the transfer of inmates is not conditional upon or limited to the occurrence of misconduct. The statute imposes no conditions on the

discretionary power to transfer, and we are advised by the state that no such requirements have been promulgated. Transfers are not among the punishments which may be imposed only after a prison disciplinary hearing. Whatever part an inmate's behavior may play in a decision to transfer, there is no more basis in New York law for invoking the protections of the Due Process Clause than we found to be the case under the Massachusetts law in the *Meachum* case.

*Montanye v. Haymes,* 427 U.S. 236, 242–243, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976) (citations omitted) (emphasis added).

■ Like the Massachusetts law at issue in *Meachum* and the New York law involved in *Montanye,* Texas law confers no right on a prisoner to stay in the prison to which he was originally assigned, "defeasible only upon proof of specific acts of misconduct." *Meachum v. Fano,* 427 U.S. at 226, 96 S.Ct. at 2539; *Montanye v. Haymes,* 427 U.S. at 243, 96 S.Ct. at 2547. In Texas, like Massachusetts and New York, convicted felons are not sentenced to specific institutions within the prison system, but rather are sentenced to terms of confinement at TDC. *Tex. Penal Code* §§ 12.31–.34.[5] Furthermore, separation and classification of prisoners is vested in the discretion of the director of TDC:

> The Texas Department of Corrections shall employ a director, ... and it shall be his duty to carry out the policies of the Texas Department of Corrections.... *The director,* with the consent of the Texas Department of Corrections, *shall have power to* prescribe reasonable rules and

regulations governing the humane treatment, training, education, rehabilitation and discipline of prisoners, and to *make provision for the separation and classification of prisoners according to sex, age, health, corrigibility, and character of offense upon which the conviction of the prisoner was secured.*

*Tex.Rev.Civ.Stat.Ann.* art 6166j (emphasis added). Finally, Texas law does not impose any conditions on the discretionary power of the director to transfer prisoners. For these reasons, plaintiff's cross motion for summary judgment should be denied.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment be, and the same hereby is, GRANTED, and that plaintiff's cross motion for summary judgment be, and the same hereby is DENIED.

---

5. These sections of the Texas Penal Code provide, in relevant part:

§ 12.31 Capital Felony
(a) An individual adjudged guilty of a capital felony shall be punished by *confinement in the Texas Department of Corrections* for life or by death.

\* \* \* \* \* \*

§ 12.32 First-Degree Felony Punishment
(a) An individual adjudged guilty of a felony of the first degree shall be punished by *confinement in the Texas Department of Corrections* for life or for any term of not more than 99 years or less than five years.

\* \* \* \* \* \*

§ 12.33 Second-Degree Felony Punishment
(a) An individual adjudged guilty of a felony of the second degree shall be punished by *confinement in the Texas Department of Corrections* for any term of not more than 20 years or less than 2 years.

\* \* \* \* \* \*

§ 12.34 Third-Degree Felony Punishment
(a) An individual adjudged guilty of a felony of the third degree shall be punished by *confinement in the Texas Department of Corrections* for any term of not more than 10 years or less than 2 years.

\* \* \* \* \* \*

Tex.Penal Code §§ 12.31–.34 (emphasis added).