William James MADDOX, Petitioner-Appellant,

v.

Carl THOMAS, Sheriff, Respondent-Appellee.

No. 81–1607

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 2, 1982.

Martin L. Lowy, Dallas, Tex., for petitioner-appellant.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GEE, Circuit Judge:

Appellant Maddox' action below sought damages from the sheriff of Dallas County, Texas, claimed to have arisen from his confinement for a month in prison rather than for the same period in the Dallas County Jail. He appeals its dismissal.

A three-time convicted felon free on probation, Maddox was arrested in late 1978 on two new charges of aggravated robbery. In March 1979, he pled guilty to one charge and was assessed a 23-year prison term by a jury. On July 30 of that year he pled guilty to the other charge in exchange for a concurrent 23-year sentence. Probation on his earlier sentences was also revoked at that time. He was sentenced either on July 30, 1979, as the sheriff contends, or on September 21, 1979, as Maddox claims. It is undisputed, however, that he was transferred to the Texas prison system about August 16, 1979, and was returned from there to the Dallas County Jail on September 17, about a month later. On September 21, 1979, he was returned to prison to serve out his punishment. His claimed damages arise from his having spent the last half of August and the first half of September 1979 in prison rather than in the Dallas County Jail.[1] Claiming deprivation of a "liberty interest," he sued under 42 U.S.C. § 1983 for damages, attorneys' fees, and costs.

Maddox has, generally speaking, no fourteenth amendment liberty interest in being imprisoned at one carcel rather than other, even if "life in one is much more disagreeable than in another ...." *Meacham v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). The exception is where a defendant possesses some "right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). We agree with the court below that Texas law in general confers no such rights upon persons situated as was Maddox at the time of his transfer—confined prior to their sentencing.[2] At best, it is silent on the matter.

AFFIRMED.

---

1. One might think such a matter de minimis, but the sheriff did not so contend.

2. Maddox suggests that as a part of his plea bargain he requested that he be left in Dallas "for awhile," as his attorney's affidavit states, before being transferred to prison. The affidavit does not claim, however, that this request was agreed to by the authorities or that the sheriff was advised of any such agreement. In such circumstances, any expectation by Maddox that he would be retained in Dallas was not a "justifiable" one; and he was, in fact, left there for over two weeks after his plea was accepted, a period that seems to us "awhile."