**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30217
Summary Calendar
_____


DAVID BOUDREAUX,

Plaintiff-Appellant,

VERSUS

CHARLES FOTI, Sheriff, Etc., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-2499)
_____
(September 26, 1995)

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Boudreaux challenges the district court's dismissal of his §
1983 suit against a number of defendants as frivolous under §
1915(d) and against other defendants for failure to state a claim.
We affirm.

David Boudreaux, Sr., a convicted prisoner presently
incarcerated at the Louisiana State Penitentiary at Angola, filed
this pro se, in forma pauperis (IFP) civil rights complaint, 42

---

[1]Local Rule 47.5 provides:  "The publication  of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

U.S.C. § 1983, against Orleans Parish Sheriff Charles C. Foti, Jr., Jefferson Parish Sheriff Harry Lee, 24th Judicial District Judge Clarence McManus, Jefferson Parish Juvenile Judge Ann Keller, Indigent Defender Michael Rochs, and Indigent Defender Russell Stegeman. Following several transfers, Boudreaux amended his complaint to name as additional defendants C.M. Lensing, the warden of the Hunt Correctional Facility, and John P. Whitley, the warden of the Louisiana State Penitentiary at Angola. The plaintiff alleges violations of both federal and state created rights and seeks monetary damages of $1,000,000, a declaratory judgment that the defendants violated his civil rights, and injunctive relief "against all persons" in the event of retaliation against him for filing the complaints. Most of Boudreaux's allegations relate to his first transfer, from the Jefferson Parish Correctional Center to the Orleans Parish Prison System. His general claim is that the actions of the various defendants denied him access to his attorneys and to the courts.

This court will uphold the dismissal of IFP claims that are frivolous unless the district court abused its discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).

Boudreaux states that Judges McManus and Keller violated his rights by appointing counsel Stegeman and Rochs, whom he claims he did not have access to after his transfer from the Jefferson to the Orleans Parish facility. Boudreaux has not identified any facts supporting his allegations against Judge McManus and Judge Keller.

2

Nor has he suggested that they acted outside their jurisdictions, thereby losing the protection of judicial immunity. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). The district court correctly dismissed this claim as frivolous.

Boudreaux's suit against his court appointed counsel presumably is based upon his claim that he had difficulty contacting them while in the Orleans Parish Prison System. The district court correctly dismissed this § 1983 action against attorneys Rochs and Stegeman because neither is a state actor for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). The claim, therefore, is legally frivolous.

Jefferson Parish Sheriff Harry Lee and Orleans Parish Sheriff Charles C. Foti, Jr. are the last two defendants named by Boudreaux in connection with his transfer from Jefferson to Orleans Parish. His claims against them are also baseless. Section 1983 does not create substantive rights but provides a civil remedy for the violation of protected life, liberty, or property interests. Blackburn v. City of Marshall, 42 F.3d 925, 935 (5th Cir. 1995); San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). Boudreaux has alleged no such a violation. An inmate generally has no constitutional right to be imprisoned in any particular institution, even if life in one institution is less desirable. Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Moreover, in a recent decision the Supreme Court recognized that a prisoner's claim that state prison regulations or statutes have

3

been violated will not support a § 1983 suit unless the violations produce conditions that are "atypical and [a] significant hardship . . .in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). In other words, the condition must be severe enough to implicate the Due Process Clause "of its own force." Id. Intrastate prison transfers do not qualify. See id. at 2297 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Finally, Boudreaux alleges some specific facts regarding limitation of telephone and mail privileges in support of his argument that the sheriffs denied him access to the court and to his attorneys. To state a cause of action, however, a plaintiff must connect such allegations to prejudice in a specific legal proceeding. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). Boudreaux has not done so. The district court, therefore, correctly dismissed the suits against Sheriff Foti and Lee as frivolous.

In short, the record and the law support the dismissal under 28 U.S.C. § 1915(d) of Boudreaux's actions against Judges McManus and Keller, attorneys Rochs and Russell, and Sheriffs Lee and Foti. As there is no abuse of discretion, the district court's decision is affirmed.

Boudreaux's last claims, those against Wardens Lensing and Whitley, arise from his transfer to their prisons. As the district court dismissed these actions for failure to state a claim, Fed. R. Civ. P. 12(b)(6), this Court reviews the decisions de novo and will

4

not affirm if the allegations support relief on any theory. <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 189 (1994). For reasons stated above, the plaintiff has no right to be imprisoned in any particular institution. Nor will his allegations that the defendants violated state prison regulations or laws support a § 1983 claim under these circumstances. Likewise, his more specific claims regarding limited telephone access cannot succeed because the prisoner has not linked them to prejudice in a particular case. Finally, Boudreaux does not allege that either defendant personally participated in the complained of activity, implemented an affirmatively wrongful policy, or breached an affirmative duty imposed on him by state law. A plaintiff cannot maintain an action against an official in his individual capacity without alleging a causal connection between the official's actions and the violation. <u>Woods v. Edwards</u>, 51 F.3d 577, 583 (5th Cir. 1995); <u>see</u> <u>Lozano v. Smith</u>, 718 F.2d 756, 768 (5th Cir. 1983). The district court, therefore, correctly dismissed this action against Wardens Lensing and Whitley for failure to state a claim.

We have considered Boudreaux's remaining arguments that the district court erred in refusing to allow him to make an additional amendment to his petition, in failing to order service of process on the original defendants, and in declining to appoint counsel to assist him in this suit. We are satisfied that the district court did not abuse its discretion.

AFFIRMED.