IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21129
Conference Calendar

_____

ROQUE T. ARANDA,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department of Criminal Justice;
S.O. WOODS; U.S. IMMIGRATION AND NATURALIZATION SERVICE; UNITED
STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2935
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Roque T. Aranda, Texas prisoner # 805045, appeals the

dismissal with prejudice of his 42 U.S.C. § 1983 complaint in

which he alleged that he had been denied equal protection under

the law based on his classification as an illegal alien.  Aranda

contends that he has a liberty interest in being transferred to a

prison facility where he could earn money.

Generally, there is no Fourteenth Amendment "liberty

interest in being imprisoned at one [prison facility] rather than

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

another, even if life in one is much more disagreeable than in another." Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982)(internal citation and quotation omitted). Moreover, Texas law has not created any such liberty interest by imposing conditions on the discretionary power of the director of corrections to transfer, or to refuse to transfer, prisoners. Lerma v. Savage, 534 F. Supp. 462, 469 (S.D. Tex. 1982); see Tex. Penal Code Ann. §§ 12.31-12.34; see also Tex. Gov't Code Ann. §§ 494.001-002. This appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). It is DISMISSED. See 5th Cir. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997)(citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Aranda has previously had at least five strikes against him. Aranda v. Key, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Shaw, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000). Aranda filed this appeal before the § 1915(g) bar was imposed. He is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.