United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-60495
Summary Calendar

————————————————

DOUGLAS TAYLOR,

                                        Plaintiff-Appellant,

versus

AARON JAGERS; STEVEN CROSSON; FRED YOUNG, Lt.,
In His Official and Individual Capacity; RONALD EASLEY,
Captain, In Official and Individual Capacity; MARK ENTERKIN,
Captain, In Official and Individual Capacity;
DENNIS JOHNSON, Lt., In Official and Individual Capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:02-CV-160-LN
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Douglas Taylor, Mississippi state prisoner # 72097, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
as frivolous.  Taylor argues that did not receive due process
protection in connection with his placement in administrative
segregation and his transfer to a new facility which did not
provide him with psychiatric care.  He also argues that he was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subjected to cruel and unusual punishment in violation of his Eighth Amendment rights. Taylor asserts that the district court did not give him a sufficient opportunity to develop his claims.

Taylor filed an amended complaint and testified at the Spears[**] hearing about his claims. Thus, he was given an adequate opportunity to factually develop his claims. Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).

Taylor's placement in administrative segregation, standing alone, "[did] not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Thus, he had no right to due process concerning such punishment. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Insofar as Taylor complains about the transfer to the Parchman facility, the Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Generally, there is no Fourteenth Amendment "liberty interest in being imprisoned at one [prison facility] rather than [an]other, even if life in one is much more disagreeable than in another." Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982) (internal citation and quotation omitted). The exception to this general rule is where the state has created such an

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

interest. See Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

Taylor contends that he has a liberty interest to remain in a special needs facility under Mississippi statutes addressing special needs inmates. The Mississippi statute Taylor relies upon is not mandatory in nature, it merely states that a special needs inmate may be eligible for special needs housing. See MISS. CODE ANN. § 47-5-1105(3). Thus, the statute does not create a liberty interest protected by due process. See Scales v. Mississippi State Parole Bd., 831 F.2d 565, 565-66 (5th Cir. 1987).

With respect to Taylor's Eighth Amendment claim, prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Taylor admitted during the Spears hearing that he continued to receive his medication while housed in administrative segregation at the East Mississippi Correctional Facility (EMCF). If Taylor was dissatisfied with his medical treatment at the Parchman facility, he could have pursued administrative remedies at that institution and, if unsuccessful, could have filed a civil rights complaint against the officers of that facility. His complaints about his treatment at Parchman do not state a claim of deliberate indifference against the officers at EMCF.

Taylor has failed to allege an arguable claim that he was denied due process to which he was entitled or that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.  The district court did not abuse its discretion in dismissing the complaint as frivolous.

The district court did not abuse its discretion in denying Taylor's motion for appointment of counsel because the record reflects that he is capable of adequately presenting his claims to the court.  See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Taylor's appeal is without arguable merit and is DISMISSED as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal of Taylor's complaint as frivolous, and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Taylor is cautioned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be allowed to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Taylor's motion for a copy of the hearing transcript and to file a supplemental brief is DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.