# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-31051
Conference Calendar

ROBERT ANDREWS

Plaintiff-Appellant

v.

BILL BELT, individually and in his official capacity as Sheriff of Avoyelles Parish

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1283

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Robert Andrews, Louisiana prisoner # 504977, filed a 42 U.S.C. § 1983 civil rights complaint against Bill Belt, Sheriff of Avoyelles Parish. Andrews alleged that he injured his back after he slipped and fell on water leaking from a toilet in the jail dormitory. Andrews argued that the defendant was both negligent and deliberately indifferent to his need for a reasonably safe living

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

environment. Andrews further complained that he was not transferred back to the Avoyelles Parish Jail after being given medical treatment.

The district court dismissed Andrews's complaint as frivolous and for failure to state a claim upon which relief may be granted. Andrews now appeals. As the district court referenced both 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and 42 U.S.C. § 1997e as grounds for dismissing Andrews's complaint, we review Andrews's challenges to the district court's decision de novo. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

Andrews suggests that the district court erred by dismissing his civil rights action instead of entering a default judgment against the defendant for failing to file an answer to the complaint. However, the defendant was never served in the district court and was not required to file an answer. See FED. R. CIV. P. 12(a)(1)(A)(i).

Andrews argues that the district court erred in dismissing his civil rights complaint because the defendant acted "under the color of state law and should be held liable for his actions." However, Andrews's argument fails to address the district court's determination that the defendant's actions did not violate Andrews's constitutionally protected rights. Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 332-36 (1986); Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996). Andrews's complaint that he was not transferred back to Avoyelles Parish Jail after being given medical treatment also is not cognizable under § 1983. Andrews has no constitutionally protected right to placement in a particular facility. See Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). The district court did not err when it dismissed Andrews's complaint as frivolous and for failure to state a claim upon which relief may be granted. Andrews's appeal is frivolous, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is dismissed. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Andrews that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.