William C. RICHARDSON,
Plaintiff-Appellant,

v.

Charles McDONNELL, et al.,
Defendants-Appellees.

No. 87–4877
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 31, 1988.

---

William C. Richardson, pro se.

Edwin L. Blewer, Jr., Cook, Yancey, King & Galloway, Shreveport, La., for defendants-appellees.

Before GEE, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant, a Louisiana state prisoner, filed suit pursuant to 42 U.S.C. § 1983 alleging that prison officials violated his constitutional right to access to the courts by intentionally or negligently destroying or losing his legal mail and then retaliating against him for filing a prison grievance by placing him in administrative segregation. The district court adopted the findings and recommendations of the magistrate and granted appellees' motion for summary judgment. Appellant appeals. We AFFIRM.

We review the grant of a summary judgment carefully to determine whether there is in the record any genuine issue of material fact and whether appellees, the moving parties, were entitled to judgment as a matter of law. *GATX Corporation v. M/V Courtney Leigh,* 768 F.2d 711 (5th Cir.1985). If the non-movant had a sufficient opportunity to develop his case and was still unable, in response to a properly supported Rule 56 motion, to adduce evidence that established a genuine, material fact issue, summary judgment was properly rendered against him. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

This case was pending for over eight months prior to the magistrate's recommendation on appellees' motion for summary judgment. During that time, appellant conducted discovery and received responses from appellees to his written discovery requests. Appellant submitted six affidavits in response to the adverse summary judgment motion. Although he vigorously requests an evidentiary hearing, his brief before this court does not suggest, nor does the record bear out that he was prevented from obtaining other affidavits to support his case (compare Fed.Rule Civ.Proc. 56(f)). We conclude that the record developed in district court is sufficient, and Richardson was not unfairly deprived of an evidentiary hearing.

LOST MAIL

Affidavits in the record indicate that prison deputy McDonald received two

pieces of legal mail (writs of habeas corpus) from appellant on September 16 or 17, 1986. The writs were addressed to the clerk of the Caddo Parish District Court and the assistant district attorney for Caddo Parish. One writ was to be delivered by certified mail, return receipt requested, and the other was to be sent by regular mail. McDonald placed the two documents on a mail cart, as they were too big to place in the mail box. Appellant did not receive the "return receipt" card and learned on September 24 that the clerk had never received the writ. Appellant thereafter mailed a re-prepared writ which was received and filed in state court on October 1, 1986.

According to the affidavits, no one knows what happened to appellant's initial writs after deputy McDonald placed them on the mail cart. They may never have left the prison, the postal service may have lost them, or the recipients may have actually received but misplaced them. Other than appellant's allegations, however, the record is barren of evidence suggesting that prison officials intentionally lost or destroyed the two packages. The prison has articulated reasonable mailing procedures which prison officials stated were followed herein. At best, the evidence suggests that prison officials negligently lost appellant's mail.

In *Jackson v. Procunier*, 789 F.2d 307 (5th Cir.1986), we recently held that a cause of action may be stated under 42 U.S.C. § 1983 for prison officials' intentional withholding of mail destined for the courts, where it is also alleged that the intentional delay damaged the prisoner's legal position. *Jackson* bears on the case before us in two ways. First, we determined there that the appellant had not received an opportunity to produce evidence demonstrating the intentional conduct by prison officials and remanded for that purpose. In so doing, we added that if, upon remand, the summary judgment evidence showed that prison officials did not intentionally delay the appellant's mail, judgment should be rendered against him. 789 F.2d at 312. This case perforce follows *Jackson*'s lead, for, as noted above, the summary judgment evidence belies inten-

tional misconduct by prison officials against Richardson.

■ Second, *Jackson* reserves judgment on whether a delay in processing a prisoner's mail will offend the constitution if it is shown that such delay did not prejudice the prisoner legally. On the facts of this case, we answer that question negatively. The isolated incident complained of by Richardson does not give rise to a constitutional violation because the prison's error was noted in time to permit appellant to re-prepare and timely file his writ application. Appellant's access to the courts was not impeded by this incident, nor by any prior alleged mail incidents as evidenced by his filing three other lawsuits in 1986 alone.

## RETALIATION

Appellant also alleges that prison officials retaliated against him for filing a grievance regarding the missing mail on September 25, 1986 by thereafter placing him in administrative segregation where he suffered a loss of privileges. The record indicates that appellant was moved from a maximum security "honor" dorm to a maximum security cell block on the same day that he filed his grievance. Lieutenant Jim Manners, director of classification at the prison and the official responsible for the move, stated in an affidavit that he was unaware at the time that appellant had filed a grievance. Manners said that appellant was moved because Manners had received complaints that appellant was verbally abusing prison officials and was disrupting meal schedules because of his dilatory eating habits. Manners further stated that the move was not a retaliatory act, that appellant lost no privileges (except that he had to eat in his cell), and that appellant's new location was not deemed administrative segregation.

■ Appellant disagrees, contending that testimonials from other inmates would prove that prison officials moved prisoners to the maximum security area as a form of punishment, that the area was considered administrative segregation, and that prisoners involved in such moves lost privi-

leges. Appellant also alleges that medical records will indicate that he was refused blood pressure medication for three days after the move and that an inmate working in the law library would verify that appellant was refused permission to attend the law library on September 26. Although the court granted appellant a sufficient period during which to conduct discovery, appellant never offered any documentary or testimonial evidence to support his assertions. In such a case, the court was justified in concluding that there existed no genuine issue of material fact. *Celotex*, 106 S.Ct. at 2552–53.

## CONCLUSION

The district court's entry of summary judgment is AFFIRMED.