853 F.2d 926
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Henry MACLIN, Plaintiff-Appellant,
v.
Charles CUBINE, Cpl.; Pam Nimmo, Col., Defendants-Appellees.
 No. 88-5143.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1988.
 
 1
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his civil rights action for failure to state a cause of action under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff alleged that defendants interfered with his right of meaningful access to the courts by their failure to record or to verify the date his legal mail was delivered to the prison. He specifically complained that a delay in the delivery of mail and defendants' refusal to account for the delay resulted in the dismissal of an appeal from the denial of his petition for writ of habeas corpus. The district court dismissed the complaint for failure to state a claim.
 
 
 4
 Reviewing the record in the light most favorable to the plaintiff, we conclude that plaintiff presented no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Dismissal was proper because plaintiff failed to state a claim under 42 U.S.C. Sec. 1983.
 
 
 5
 To state a constitutional violation, plaintiff must allege an intentional delay of or interference with his legal mail and prejudice to the claim which is subject to that mail. See Richardson v. McDonnell, 841 F.2d 120 (5th Cir.1988). To overcome a motion to dismiss, plaintiff must present specific facts showing there is a genuine issue for trial. Cf. Anderson, 477 U.S. at 248. Plaintiff did not allege specific facts demonstrating that defendants were responsible for the delay of his mail or that defendants' failure to record the date of receipt was intentional. Moreover, he did not demonstrate how the failure to record or the refusal to verify the date of receipt, even if known to the defendants, affected the delivery of the mail. Because plaintiff did not allege specific facts to support his claim of interference, dismissal was proper.
 
 
 6
 Plaintiff also asserts that mailhandling procedures and policies of the Tennessee Department of Corrections create a recordkeeping requirement. He argues that if defendants had complied with this requirement, he would not have been prejudiced in his appeal from the denial of the habeas petition. This argument is not persuasive. Even if plaintiff had a liberty interest in mail delivery records, see e.g., Beard v. Livesay, 798 F.2d 874 (6th Cir.1986), he has not shown that the failure to keep records caused the delay. Furthermore, evidentiary proof of date of receipt is not prerequisite to the grant of an extension of time in which to file a notice of appeal. See Fed.R.App.P. 4(a)(5); Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 7
 Accordingly, the district court's judgment of dismissal, filed January 6, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation