IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10190
Summary Calendar
_____


DAVID CHASE BOYD,

                                Plaintiff-Appellant,

v.

GLORIA WEST, Individually
and in her Official Capacity as
District Clerk of Knox County, Texas,

                                Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Texas
(7-94-CV-046-X)
_____
(July 20, 1995)

Before KING, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

David C. Boyd, a Texas state prisoner proceeding *pro se* and

*in forma pauperis*, filed a civil rights action pursuant to 42

U.S.C. § 1983 against Gloria West, the district clerk of Knox

County, Texas, in both her individual and official capacities,

for alleged infringement of his constitutional right to access to

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

the courts. The district court dismissed Boyd's suit as legally frivolous pursuant to 28 U.S.C. § 1915(d). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Boyd alleges that his right of access to the courts was infringed because West "refused to process [his first habeas corpus] application, and either personally destroyed or caused to be destroyed the said application." Furthermore, Boyd alleged that West "refused to process or cause the processing of [Boyd's] said (second) [habeas corpus] application, by refusing to cause a copy of the [second] application to be served upon the District Attorney for Knox County, Texas, and/or has caused an inordinate delay in causing such processing." Both parties moved for summary judgment. In support of her motion for summary judgment, West filed an affidavit in which she stated that Boyd's first petition for a writ of habeas corpus was the "first Post-Trial Application for a Writ of Habeas Corpus that had been filed in Knox County since I took over as District Clerk in 1979," and that she "did not know what to do with the Application rather than to file it." She further averred that she called the "Court Coordinator for the Judge of the 50th Judicial District," who advised her to send the application to the District Attorney's office and to the state district judge but that "[a]t no time did [the court coordinator] or anyone else instruct me that after a certain passage of time, the Writ should be filed in the Court of Criminal Appeals in Austin, Texas."

2

On January 30, 1995, the district court *sua sponte* dismissed, without prejudice, Boyd's complaint as frivolous pursuant to 28 U.S.C. § 1915(d).  Boyd filed a timely appeal to this court.


## II.  ANALYSIS

A § 1983 plaintiff who proceeds *in forma pauperis* is subject to dismissal if his complaint is "frivolous" within the meaning of 28 U.S.C. § 1915(d).  Under § 1915(d), a complaint is frivolous if "it lacks an arguable basis in either law or fact." Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint is legally frivolous if it is premised on an "indisputably meritless legal theory . . . ." Neitzke, 490 U.S. at 327.  Thus, a complaint that raises an arguable question of law may not be dismissed under § 1915(d).  Id. at 328.

We review a § 1915(d) dismissal for an abuse of discretion because a determination of frivolousness-- whether legal or factual-- is a discretionary one.  Denton, 112 S. Ct. at 1734; Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992).  In reviewing for an abuse of discretion, we consider whether (1) the plaintiff is proceeding *pro se*, (2) the court inappropriately resolved genuine issues of disputed fact, (3) the court applied erroneous legal conclusions, (4) the court has provided an adequate statement of reasons for dismissal which facilitates intelligent

3

appellate review, and (5) the dismissal was with or without prejudice. Denton, 112 S. Ct. at 1734.

In the case at hand, the district court concluded that "the [p]laintiff's § 1983 Complaint does not give rise to a legally sufficient cause of action at this point in time because it implicates and calls into question the fact of his confinement." In support of this conclusion, the district court cited Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), which held that, in order to maintain a § 1983 cause of action based upon "harm caused by actions whose lawfulness would render a conviction or sentence invalid," the plaintiff must first demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 2372.

Boyd's complaint alleged that West violated his constitutional right of access to the courts by deliberately delaying the processing of his first and second petitions for a writ of habeas corpus. We have held that such deliberate delay may constitute a constitutional deprivation. Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986). The district court, however, determined that Heck mandated dismissal because "[p]laintiff's § 1983 claim . . . implicates the fact of his confinement since a necessary threshold determination for the Court would be whether Plaintiff was prejudiced in any legal

4

proceeding by Defendant's failure to properly process his writs, i.e., whether there was any injury from the alleged deprivation of constitutional rights."

Boyd argues that the district court's conclusion is erroneous because his § 1983 complaint against West does not question the fact or duration of his continued confinement. He asserts that even if he was successful in his § 1983 suit, it would not affect his underlying conviction but would merely provide him with monetary and injunctive relief for West's failure to process his first and second writs of habeas corpus in a reasonably expeditious manner.

We need not decide this issue at this time. Even assuming arguendo that Heck does not mandate dismissal of Boyd's claim, Boyd's claim is legally frivolous because Boyd has failed to allege sufficient injury or prejudice flowing from West's actions. We have specifically held that a delay in processing a prisoner's mail will not offend the Constitution if the prisoner cannot show that the delay resulted in legal prejudice to the prisoner. Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). In Richardson, a prisoner filed a § 1983 suit alleging that prison officials violated his constitutional right to access to the courts by intentionally or negligently destroying or losing two petitions for a writ of habeas corpus. Id. at 121. We concluded that "the isolated incident complained of by Richardson does not give rise to a constitutional violation because the prison's error was noted in time to permit appellant

5

to re-prepare and timely file his writ application."  Id. at 122.
Thus, Richardson's access to the courts was not impeded.  Id.

In the case at hand, Boyd admits that he asked West to withdraw his first petition for a writ of habeas corpus on November 3, 1993.  Thus, Boyd clearly cannot show any prejudice from the delayed processing of his first petition.  With regard to Boyd's second petition, West's uncontested affidavit states that it was received by West on January 18, 1994.  The affidavit further states that West forwarded the second petition to the Knox County District Attorney's office the same day as it was received and that it was forwarded to the Court of Criminal Appeals on June 30, 1994.[1]

In short, Boyd's second writ was not forwarded to the Court of Criminal Appeals for approximately six months.  While a delay in processing of this duration bespeaks neither competence or professionalism, under the facts of this case the delay does not give rise to a cognizable constitutional injury because Boyd has proffered no evidence that the delay has prejudiced his ability to fully pursue his second petition for a writ of habeas corpus. Id.  Moreover, while the delay in this case is significantly longer than the delay in Richardson -- approximately six months here versus approximately two weeks in Richardson -- this does not alter our conclusion.  The essence of our holding in Richardson, which is limited to the narrow issue of the

_____

[1] Because Boyd's second petition has now been appropriately processed by West, Boyd's request for injunctive relief is moot.

6

constitutional right of access to the courts, is that there is no cognizable constitutional claim of denial of access to the courts if the plaintiff cannot demonstrate that the defendant's actions impeded his ability to pursue his legal rights, at least where those actions have not resulted in significant delay.[2]  In this case, the evidence indicates that Boyd's second petition was forwarded to the Court of Criminal Appeals approximately six months after it was received by West and is currently pending in the Texas state courts.  Accordingly, Boyd's complaint raises no arguable legal basis for recovery, see Neitzke, 490 U.S. at 327, and the district court did not err in dismissing Boyd's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d).

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] As Boyd does not raise the issue on appeal, we express no opinion as to whether a protracted delay in the processing of legal papers by a court clerk could state a cognizable claim for the denial of due process even assuming arguendo that the plaintiff has successfully refiled his suit without legal prejudice.