IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11431
Summary Calendar
_____

RICHARD TERRANCE AYERS,

                                        Plaintiff-Appellant,

versus

MARY LAMPERT, Mail Room Supervisor;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:97-CV-237-BA
--------------------

November 26, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Richard Terrance Ayers, Texas prisoner No. 486361, appeals
the magistrate judge's[**] summary judgment dismissal of his civil
rights complaint alleging that he was denied access to
publications on the pretextual grounds that they contained
racially inflammatory material or were from unauthorized sources.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] The parties proceeded before the magistrate judge
pursuant to 28 U.S.C. § 636(c).

Ayers has failed to show that the magistrate judge erred in determining that the book Settlers: The Myth of the White Proletariat contained material which a reasonable person could construe as likely to create prison disturbances. Chriceol v. Phillips, 169 F.3d 313, 316-17 (5th Cir. 1999). Thus, Ayers has no constitutional right to receive this material. Thornburgh v. Abbott, 490 U.S. 401, 404 (1989); Turner v. Safley, 482 U.S. 78, 89-91 (1987); see Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986). Ayers' allegation that he failed to receive a single pamphlet sent by the Brew City Antiauthoritarian Collective, which he alleges is a publication supplier approved by the Texas Department of Criminal Justice, does not state a constitutional violation. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988) Because Ayers has failed to identify a violation of his constitutional rights, we FIND IT UNNECESSARY TO ADDRESS his arguments concerning the magistrate judge's procedural handling of the case. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.