**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 01-11554**
**Summary Calendar**

**RICHARD TERRANCE AYERS,**

**Plaintiff-Appellant,**

**versus**

**JERRY PETERSON, Director-Texas Department of Criminal Justice-Institutional Division; DIRECTOR'S REVIEW COMMITTEE; MICHAEL COUNTZ; JIM ZELLER; ROBERT OTT; WINSTON HOLD; MELTON BROCK; HERMAN TEINERT; L.N. HODGES; RICHARD DEAL; JUDY SLOAN,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(1:99-CV-11)**

---

May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Richard Terrance Ayers, Texas inmate #468361, proceeding *pro se* and *in forma pauperis*, appeals his civil rights complaint's being dismissed as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1) (when prisoner litigant proceeding IFP, district court shall dismiss action if determined to be frivolous). An IFP complaint that lacks an arguable basis in fact or in law is

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous.  *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).  A § 1915 dismissal as frivolous is reviewed for abuse of discretion. *Id.* at 734.

Ayers contends defendants violated his constitutional rights by denying him publications and card stock paper delivered as incoming prisoner mail.  Regarding the former, he maintains the dismissal prior to examining the denied publications was an abuse of discretion.

Ayers' claims for equitable relief have been rendered moot by his transfer to another prison.  *See* **Cooper v. Sheriff, Lubbock County, Tex.**, 929 F.2d 1078, 1084 (5th Cir. 1991).  And, his challenge for the card stock paper does not state a constitutional violation.  *See* **Richardson v. McDonnell**, 841 F.2d 120, 122 (5th Cir. 1988) (isolated incident of mail-tampering which does not interfere with a party's ability to file legal documents does not state constitutional violation).

Moreover, Ayers has abandoned any challenge for the publications "Going to Meet the Man," "Death in a Promised Land," "Paradise," "A Black Theology of Liberation," "The Warriors," "The Journal of Prisoners on Prisons," and "Rosewood", as well as a letter addressed to the National Black Congress.  *See* **Grant v. Cuellar**, 59 F.3d 523, 524 (5th Cir. 1995); **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987).  He does, however, address the denial of three publications:  an issue

2

of the "Graterfriends" newsletter; an 18th century essay on perpetuating slavery; and "The Nigger Bible".

The district court noted that Ayers admitted that "some of the requested publications had been banned by [the Texas Department of Criminal Justice — Institutional Division] in 1992".  Pursuant to Ayers' submissions in the record, it appears that, of the three publications, *only* "The Nigger Bible" had been banned by prison officials prior to Ayers' request for its receipt. According to Ayers, TDCJ-ID policy forecloses receipt of a publication by any inmate once the denial of the publication has been upheld on review by the Director's Review Committee.  The record does not reveal, however, whether any other litigant has challenged the denial of this publication.

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison.  *Hudson v. Palmer*, 468 U.S. 517, 523 (1984).  On the other hand, a prison regulation may validly restrict material advocating racial hatred on the basis that it causes a serious danger of violence.  *Chriceol v. Phillips*, 169 F.3d 313, 316 (5th Cir. 1999).

On this record, it appears that the district court's dismissal as frivolous of Ayers' claims concerning the denial of an issue of the "Graterfriends" newsletter, an 18th century essay on perpetuating slavery, and "The Nigger Bible" was premature because

3

it appears the court did not examine the publications. *See* **Thornburgh v. Abbott**, 490 U.S. 401, 419 (1989) (affirming remand to district court for an examination of prison restrictions on inmates' receipt of publications as applied to specific publications).

Accordingly, the judgment is **AFFIRMED** in part and **REVERSED** in part, and this case is **REMANDED** for proceedings consistent with this opinion concerning the three identified publications.

*AFFIRMED in part; REVERSED in part; and REMANDED*

4