United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41251
Conference Calendar

JESUS M. SANDOVAL,

Plaintiff-Appellant,

versus

RONALD FOX; ANTHONY HOLMES;
FREDERIC EDWARDS; MICHAEL GREHEM,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-136-JKG
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus M. Sandoval, Texas prisoner # 599965, appeals the magistrate judge's dismissal as frivolous of his 42 U.S.C. § 1983 complaint alleging that prison supervisory personnel failed to take action when guards improperly distributed prison mail. The magistrate judge alternatively held that Sandoval failed to state a claim upon which relief could be granted. He argues that the defendant officers failed to properly train and supervise their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subordinates in mail distribution policies and failed to implement a policy to protect his constitutional rights.

Sandoval's complaint and the testimony at the <u>Spears</u>[**] hearing reflect that the supervisory officials monitored the mail problem and instructed their subordinates to follow the policies concerning the mail. Sandoval's complaint does not reflect that the defendants personally delivered his mail to other inmates or implemented a mail delivery policy that was so deficient that it reflected deliberate indifference to his right to receive his mail. <u>Thompson v. Upshur County, TX</u>, 245 F.3d 447, 459 (5th Cir. 2001).

Nor has Sandoval shown that he suffered any constitutionally cognizable harm. The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. <u>Meyers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996). Sandoval's allegations and his testimony at the <u>Spears</u> hearing do not reflect that he was deprived of his mail or that he suffered any actual harm as a result of other inmates' possessing his mail. <u>Richardson v. McDonnell</u>, 841 F.2d 120, 122 (5th Cir. 1988). Nor did Sandoval allege that the violation of the mail policy precluded him from filing any specific legal documents with the court. <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993).

---

[**] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

Sandoval has not shown that the alleged acts of wrongdoing resulted in any injury to his constitutional rights. The magistrate judge did not abuse her discretion in dismissing the complaint as frivolous. Further, the court accepts the allegations and testimony as true and determines that the complaint fails to state a claim upon which relief could be granted. See Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

Sandoval's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The magistrate judge's dismissal of Sandoval's complaint as frivolous and the dismissal of the instant appeal as frivolous each count as a strike for purposes of the three-strikes provision, 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Moreover, Sandoval received a previous strike when the district court dismissed as frivolous a prior 42 U.S.C. § 1983 complaint filed by Sandoval. See Sandoval v. Johns, No. 00-41276 (5th Cir. June 29, 2001).

Therefore, Sandoval has accumulated at least three strikes under 28 U.S.C. § 1915(g), and he is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Sandoval's motion for appointment of counsel is DENIED.

See <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; MOTION DENIED.