United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10501
Summary Calendar

HOWARD GUS GREEN

                    Plaintiff - Appellant

     v.

DOUG DRETKE; NANCY JOWERS; T. MILLER

                    Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-230
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Howard Green, Texas prisoner # 854056, appeals from the district court's dismissal as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A and § 1915(e)(2) of his pro se, in forma pauperis (IFP) complaint. Our review of the dismissal is de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

     Green argues that his right of access to the courts was violated when prison officials intentionally delayed in providing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

legal mail that was addressed and mailed to his prior prison location and that the delay caused him to miss a deadline in an appellate proceeding. Green's allegations indicate that there was a problem with the address change he sent to the Supreme Court. There is nothing in the record to suggest, however, that the delay in the receipt of mail from the Supreme Court was the result of any intentional act or omission by the prison officials and employees who Green named as defendants. See Richardson v. McDonnell, 841 F.2d 120, 121-22 (5th Cir. 1988). His unsupported allegations to the contrary are unavailing. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).

Green also argues that prison officials failed to comply with internal rules and violated his constitutional rights because they forwarded his mail by truck. Failure to follow the prison's own rules does not constitute a due process violation "if constitutional minima are nevertheless met." See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Green's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Green's complaint as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). This court cautions Green that if he accumulates three strikes, he will not be able to proceed IFP in

any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.