United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60309
Summary Calendar

JIMMY CULBERT,

Plaintiff-Appellant,

versus

RICHARD PENNINGTON, Director of Inmate Legal Assistance, in his
official capacity; VALERIE S. BURCHFIELD, ILAP Staff, Unit 29
Law Library,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-156
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Jimmy Culbert, Mississippi prisoner # R-2343, appeals the
district court's grant of summary judgment for the defendants and
dismissal of his 42 U.S.C. § 1983 action.

Culbert argues for the first time on appeal that defendant
Burchfield maliciously intended to harm him and deliberately
failed to mail his pleading timely and that Burchfield denied
other inmates their constitutional rights. We do not address

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these arguments because Culbert is raising them for the first time in this appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Culbert contends that the district court erred in granting summary judgment without first allowing him to conduct discovery. He also contends that the magistrate judge erred in denying his requests for appointment of counsel.  Culbert has not shown that the magistrate judge abused his discretion in denying Culbert's requests for discovery and appointed counsel.  See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Culbert argues that the district court erred in granting summary judgment in favor of Burchfield because she caused his motion for rehearing to be untimely filed and thereby denied him access to the courts.  Culbert's motion was not denied because Burchfield failed to timely mail the pleading.  Rather, the motion was denied because the court did not apply the mailbox rule.  The district court did not err in granting summary judgment because there was no genuine issue as to any material fact, and Culbert failed to show that Burchfield's actions denied him access to the courts or caused him injury.  Richardson v. McDonnell, 841 F.2d 120, 121-22 (5th Cir. 1988).

Accordingly, the judgment of the district court is AFFIRMED.