United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41738
Summary Calendar
_____

DONALD R. TAYLOR,

Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; DAVID L. STACKS, Warden;
FRANKIE L. REECANO, Assistant Warden; CAROLYN HANLEY, Mailroom
Supervisor; LAURA MORGAN, Mailroom Clerk III; J. SMITH, Assistant
Grievance Administrator,,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-44
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Donald R. Taylor, Texas prisoner # 1028547, appeals the

district court's dismissal of his 42 U.S.C. § 1983 suit, in which

he alleged that his legal mail was interfered with, preventing

him from filing a petition for discretionary review (PDR) of the

decision of the state appellate court affirming his conviction of

aggravated assault, in violation of his First Amendment right of

access to the courts.  After conducting a hearing pursuant to

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), the magistrate judge dismissed the complaint as frivolous under 28 U.S.C. § 1915A(b)(1), reasoning that it lacked any arguable basis in law because it failed to allege anything more than mere negligence on the part of the defendants, which is not actionable under 42 U.S.C. § 1983. See Richardson v. McDonnell, 841 F.2d 120 (5th Cir. 1988). We review de novo the district court's dismissal pursuant to § 1915A. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Taylor argues that the district court erred when it dismissed his complaint as frivolous based on its determination that he had not alleged a constitutional violation. A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). However, to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996); Ruiz, 160 F.3d at 275. To satisfy this requirement, Taylor must show that he would have raised a meritorious issue in his PDR. See id.

In considering a PDR, the Texas Court of Criminal Appeals is limited to consideration of issues presented to and decided by the intermediate court of appeals. Tallant v. State, 742 S.W.2d 292, 294 (Tex. Crim. App. 1987). Accordingly, to prevail on his denial-of-access claim, Taylor would have to show that he was

prevented from raising a meritorious issue in a PDR with regard to the substantive issues decided in his direct criminal appeal. See Ruiz, 160 F.3d at 275.

Taylor has made no effort in his complaint, during the Spears hearing, or in his brief before this court to show that he was prevented by the defendants from asserting a meritorious issue in a timely PDR; he does not state what substantive issues would have been raised or why the Court of Criminal Appeals would have resolved those issues in his favor. See Ruiz, 160 F.3d at 275. Nor does he assert that he could have shown in an amended complaint that his position as a litigant was prejudiced. The district court therefore did not err in dismissing his complaint.

Taylor further argues that the district court's dismissal of his complaint, without first affording him an opportunity to amend it to add allegations of deliberate indifference, was erroneous. Because the amendment Taylor sought to make would have been futile in light of his failure to satisfy the actual injury requirement, the district court did not err in dismissing the complaint without sua sponte giving Taylor an opportunity to amend. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal").

AFFIRMED.