# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41294
Summary Calendar

ENRIQUE AKIL DIAZ

Plaintiff-Appellant

v.

TONY GREEN; STEVEN SWIFT; EMILY WHITE

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-103

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Akil Diaz, Texas prisoner # 1249219, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and as frivolous. We review dismissals under § 1915A(b)(1) de novo. Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Diaz alleges that the defendants denied him access to the courts by refusing to allow him to contact an inmate-witness in one of his civil actions. As this claim was not raised below, it cannot be considered on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). In this court, Diaz does not argue that the district court erred by not considering his retaliation claim or that his prior § 1983 claim was adversely affected by the actions of the defendants. Accordingly, he has waived these issues. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Diaz argues that the hearing held by the magistrate judge pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), was improper because it was akin to a bench trial, and he had filed a jury trial demand. A Spears hearing is a hearing in the nature of a motion for a more definite statement, not a bench trial, and the hearing in this case was not improper. See Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). Diaz additionally asserts that the district court exceeded the scope of its authority by determining that the appeal he wished to take from the dismissal of his California 28 U.S.C. § 2254 application was without merit. However, the district court must determine whether an allegedly impeded claim was nonfrivolous in a case involving an allegation of denial of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Diaz argues that he was denied access to the courts because the defendants' actions impeded his legal claims. He asserts that he was prejudiced because his initial Texas § 2254 application was never transmitted to the district court. He admitted, however, that he was able to file this § 2254 application two months later. As Diaz did not allege that the delay prejudiced him, this allegation fails to state a claim for denial of access to the courts. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988).

Diaz maintains that the appeal that he wished to take from the dismissal of his California § 2254 application was not frivolous because he had no state

remedies to exhaust and because he had no ability to access California legal materials in order to exhaust state remedies. Diaz, however, did have state remedies to exhaust, and his lack of access to California legal materials would not excuse his failure to exhaust. Diaz has not shown that the district court erred by determining that the appeal he wished to take would have been frivolous. See Christopher, 536 U.S. 417-22. Accordingly, we affirm the judgment of the district court.

The district court's dismissal of Diaz's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Diaz that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED, SANCTION WARNING ISSUED.