# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-10066
Summary Calendar

THOMAS R BERENGUEL

Plaintiff-Appellant

v.

CHARLES C BELL, Smith Unit; DAVID F FONDREN, Smith Unit; SUSAN M ZINN, Smith Unit; BENNY G BUNDY, Smith Unit; MICHAEL PEREZ, Smith Unit; CYNTHIA D GUYER, Smith Unit; KRISTA M TOMLINSON, Smith Unit; SANDRA A PORTILLO, Smith Unit; LARRY D LATIMER, Smith Unit; ALBERT JIMENEZ, Smith Unit; ESPIRIDION B QUIROZ, JR, Smith Unit

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-101

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Thomas R. Berenguel, Texas prisoner # 875536, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berenguel's complaint, as supplemented during a hearing conducted by the district court pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), avers that the prison staff defendants violated his First Amendment rights to communicate with his family and his attorney. He complained that the offending conduct was accomplished through censorship and seizure of his outgoing personal and legal mail, denial of access to a telephone call from his attorney, retaliation, and conspiracy.

On appeal, Berenguel did not adequately brief and discuss his conspiracy claims, the single incident in which a letter to his attorney was purportedly delayed and censored, or the one occasion on which prison staff allegedly did not inform him of a telephone call from his counsel. He has therefore abandoned those claims. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (stating that this court will not raise and discuss legal issues that an appellant has failed to assert); Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (emphasizing that although pro se briefs are construed liberally, pro se parties must still brief the issues and reasonably comply with FED. R. APP. P. 28(a)).

With respect to his remaining claims, Berenguel argues that the district court erred in dismissing the claims as frivolous and for failure to state a claim upon which relief may be granted. Because the district court dismissed Berenguel's claims as both frivolous and for failure to state a claim, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A dismissal for failure to state a claim will be affirmed only if it appears that no relief could be granted under any set of facts that might be proven consistent with the complaint's allegations. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995).

Berenguel's remaining claims involve, inter alia, four letters to his mother that were allegedly seized and censored by prison staff for violating assorted

prison rules. On one of the letters, Berenguel wrote both "Hello Perez" and a vulgar phrase in reference to defendant Michael Perez, a member of the prison staff. According to Berenguel, defendant Cynthia Guyer, who was the mailroom supervisor, allegedly turned the letter over to Perez to provoke Perez into retaliating against him. Berenguel claims that Perez then filed a disciplinary charge against him.

The record shows that the district court dismissed Berenguel's First Amendment claims with respect to the four letters to his parents on the grounds that he did not show that his position as a litigant was prejudiced or harmed. However, the legal standard relied upon by the district court is the standard applicable to outgoing, legal mail. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988); Jackson v. Procunier, 789 F.2d 307 (5th Cir. 1986). Berenguel argues that the district court erred because it mistakenly held him to that more onerous legal standard than to the standard that is applicable to outgoing, non-legal mail.

The legal standard applicable to outgoing, non-legal mail is rooted in the Supreme Court's holding that censorship of a prisoner's outgoing mail is justified only if it furthers an important or substantial government interest unrelated to the suppression of expression, such as prison security and order, and limits the First Amendment freedoms no more than necessary to protect the government interests involved. Procunier v. Martinez, 416 U.S. 396, 413 (1974), modified, Thornburgh v. Abbott, 490 U.S. 401, 411-13 (1989) (limiting the Martinez strict scrutiny analysis to outgoing prison mail). In Abbott, the Supreme Court emphasized that outgoing personal correspondence does not generally pose a serious threat to prison security and order. Abbott, 490 U.S. at 411. Thus, a prisoner's outgoing personal mail is generally unrestricted unless it falls into readily identifiable categories that present a threat to security and order, such as, but not limited to, "escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion." Id. at 412.

Berenguel argues that the district court further erred by failing to recognize his First Amendment right to make unflattering references to prison staff in his outgoing, personal mail. In McNamara v. Moody, 606 F.2d 621, 624 (5th Cir. 1979), this court held that a prisoner's coarse and offensive remarks in his outgoing personal mail are not inherently breaches of discipline and security. Thus, censorship for violation of disciplinary rules is properly limited to communications that relate to more concrete violations such as escape plans, plans to disrupt the prison system or work routine, or plans for importing contraband. Id. This court also noted in McNamara that the actual intended recipient of an inmate's outgoing personal mail is a factor to consider.

Our review of the record shows that the district court erred by applying the wrong legal standard in dismissing his First Amendment claims related to the four letters to his parents. The district court should have engaged in both a Martinez and a McNamara analysis relative to those claims. By failing to do so, the district court also erred in dismissing Berenguel's retaliation claims against Guyer and Perez since that dismissal was intertwined with the court's use of an incorrect legal standard in dismissing Berenguel's First Amendment claims.

The district court did apply the proper standard with respect to Berenguel's First Amendment claims that defendants seized 15 pieces of legal mail that Berenguel tried to send to grievance officers within the prison. Berenguel alleged an obstruction of correspondence claim relative to that mail, but did not discuss in his brief other than in a conclusory manner whether he had a specific legal position that was prejudiced or damaged by defendants' actions. Richardson, 841 F.2d at 122.

As Berenguel further argues, the district court also erred in holding that 42 U.S.C. § 1997e prohibited Berenguel from recovering any damages without a prior showing of a physical injury. This court has recently held that § 1997e does not bar a prisoner's right to recover nominal or punitive damages for a

constitutional violation. Hutchins v. McDaniels, 512 F.3d 193, 196-98 (5th Cir. 2007).

Berenguel has not, however, shown that the district court erred in dismissing his claims of supervisory liability. This court holds that supervisory officials may be held liable only if: (1) they affirmatively participated in acts that caused constitutional deprivations; or (2) implemented unconstitutional policies that causally resulted in a plaintiff's injury. Mouille v. City of Live Oak, Texas, 977 F.2d 924, 929 (5th Cir. 1993). With respect to the former, Berenguel admitted in his brief that none of the defendants who held supervisory positions were personally involved in any of the constitutional violations of which he complained. Berenguel also did not contend in his brief that the supervisory defendants implemented unconstitutional policies. His argument that the district court erred in dismissing his claims is without merit.

The district court also did not err in dismissing Berenguel's request for injunctive relief. Berenguel offered nothing more in his brief than a conclusory assumption that he might suffer some unspecified future harm. See Geiger v. Jowers, 404 F.3d at 375.

For the foregoing reasons, we AFFIRM in part and VACATE in part the judgment of the district court, and REMAND this case for further proceedings consistent with this opinion. We express no opinion as to the ultimate disposition of the case.