# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-31247
Summary Calendar

GREGORY DAMM

Plaintiff-Appellant

v.

LYNN COOPER, Et Al

Defendants

LAURIE DUFOUR; GARY GRIMILLION; DEBRA MITCHELL; RICHARD L STALDER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-1456

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Damm, Louisiana prisoner # 457183, has appealed the district court's order granting the defendants' motion for summary judgment and dismissing his civil rights complaint, in which he asserted that the appellees had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interfered with his outgoing legal mail related to his efforts to obtain state habeas relief and to pursue a civil action related to an alleged excessive force incident. The district court determined that Damm had failed to show that there was a genuine issue of material fact whether the defendants had interfered with his legal mail and that Damm had failed to show that his position as a litigant had been prejudiced. See Pell v. Procunier, 417 U.S. 817, 822 (1974); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988).

Damm contends on appeal that the district court should not have granted summary judgment for the defendants without first permitting him to complete discovery. Because Damm did not demonstrate that a continuance was necessary, the district court did not abuse its discretion. See Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); see also FED. R. CIV. P. 56(f).

Summary judgment is proper under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Id. at 322–24; Rule 56(e); see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Texas Dep't of Crim. Justice, 369 F.3d 854, 860 (5th Cir. 2004). We review a grant of summary judgment de novo. Id. at 859.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King, 31 F.3d at 346. Damm's

third amended complaint does not contain such a reference, adoption, or incorporation by reference. In determining whether the district court erred in granting summary judgment, we have limited our deliberations to the issues raised in Damm's third amended complaint. Most of the arguments in Damm's appellate briefs are incoherent and concern matters that are not relevant to and exceed the scope of the claims asserted in his third amended complaint. Those arguments have not been considered.

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct. Lewis v. Casey, 518 U.S. 343, 351-54 (1996). In other words, the prisoner must show that his legal position has been prejudiced. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). The prisoner must show that he was prevented from raising a meritorious legal issue. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). "A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts." Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). In his confusing and rambling briefs, Damm does not mention the district court's holding that Damm had not shown that his legal position had been prejudiced by the defendants' interference with his legal mail. For that reason, Damm has failed to show that the district court erred in rejecting his denial-of-access-to-the-courts claim. See Richardson, 841 F.2d at 122.

"A prison official's interference with a prisoner's legal mail . . . may violate the prisoner's First Amendment right to free speech—i.e., the right to be free from unjustified governmental interference with communication." Brewer, 3 F.3d at 820, 825-26. Damm's conclusional statements and documents submitted by him showing that some of his mail was sent from the prison but was not received by the addressees do not establish a genuine issue as to whether the defendants actually interfered with Damm's outgoing mail. See Freeman, 369 F.3d at 860.

The instant appeal is frivolous, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is dismissed. See 5TH CIR. 42.2. Damm has filed a motion for appointment of counsel, which is denied. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The dismissal of this appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). Damm has at least five additional strikes. See Damm v. Morgan, No. 05-270-C (M.D. La., May 5, 2005); Damm v. Booty, No. 05-1093-A (W.D. La. Jan. 19, 2006); Damm v. Koval, No. 07-3129 (C.D. III. June 28, 2007); Damm v. Smart, No. 07-853FJP-SCR (M.D. La. Nov. 27, 2007); Damm v. Baham, No. 1:08-cv-01619-KMW (S.D.N.Y. Feb. 19, 2008). Because Damm has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). We caution Damm again that, to avoid the imposition of an additional sanction, Damm should review any pending appeals to ensure that the do not raise issues that are frivolous.

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.