# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60951
Summary Calendar

KEVIN THOMAS,

Plaintiff - Appellant

v.

CONSTANCE REESE, in her Individual Capacity as a Federal Officer;
JULIE D. SOUTHERLAND, in her Individual Capacity as a Federal Officer;
Z. PLEASANT, in her Individual Capacity as a Federal Officer,

Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Mississippi at Jackson
5:07-CV-160

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Kevin Thomas, is a Federal inmate serving a 180 month sentence at Federal Correctional Complex in Yazoo City, Mississippi(FCC Yazoo City). His projected release date is in September 2013. Thomas filed this *Bivens* action against prison officials, Constance Reese, Warden; Julie D. Southerland, Unit Manager;  and Zaneta Pleasant, Counselor.  His core complaint is that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants deprived him of legal materials necessary to file a complaint about inadequate medical care in the prison. Thomas asserts that defendants, Southerland and Pleasant, searched his cell and removed from his locker typewriter ribbons, typewriter eraser ribbons and a civil jury trial manual. He alleged that by taking this property the prison officials "created an impediment" to his asserting his claim of inadequate medical care. He further asserted that a complete breakdown in the institution's electronic legal research computer system deprived him of access to the courts.

The magistrate judge wrote a detailed report and recommendation to the district court recommending that the defendants' motion for summary judgment be granted on grounds that Thomas had not demonstrated a constitutional violation. The district court accepted the recommendation and dismissed the case. We affirm the district court's order granting summary judgment for the following reasons.

1)     Plaintiff produced no summary judgment evidence indicating that Constance Reese the Warden of FCC Yazoo City, Mississippi was personally involved or had knowledge of the alleged confiscation of plaintiff's legal materials. Accordingly the district court correctly dismissed plaintiff's *Bivens* claims against Warden Reese.

2)     Thomas argues that he suffered harm because his deprivation of legal materials delayed him in filing suit beyond the time permitted by the statute of limitations. We agree with the district court that this assertion is belied by the fact that he had until October 27, 2008 to file a *Bivens* claim regarding his medical care, long after he filed his complaint in the instant action.

3)     In order to establish that prison officials denied him access to the courts Thomas must demonstrate actual injury, that is, the prisoner must show that his legal position was prejudiced or that he was prevented from raising a

meritorious legal issue. *See Richardson v. McDonnell,* 841 F.2d 120, 122 (5th Cir. 1988); *Ruiz v. United States*, 160 F.3d 273, 273 (5th Cir. 1998).

For example, Thomas failed to demonstrate how the lack of a single book he alleged was taken, a Civil Trial Manual, prejudiced his position where he had access to an electronic law library. Although access to the electronic law library was restricted, he did not demonstrate that he was unable to conduct the legal research through this means.

Thomas did not demonstrate how the mere confiscation of typewriter ribbons denied him access to the courts. He filed the instant suit on August 16, 2007, more than a year before the statute of limitations would have run on a *Bivens* claim regarding his medical care. He has vigorously litigated this claim and there is no indication he could not have litigated his claim regarding lack of proper medical care.

4)     Thomas' claim that he was unable to timely assert a Federal Tort Claims Act case because his materials were confiscated is also meritless. Thomas has never sought to assert a FTCA claim. There was certainly no statute of limitations problem, however, for him to assert such a claim. When he filed the present case he still had more than 3 months to file his FTCA claim.

5)     We also agree with the district court that there is no indication that Thomas' administrative detention from August 6, 2006 to August 28, 2006 denied him access to the courts.

For these reasons and the reasons assigned by the magistrate judge in his July 30, 2008 report and recommendation, the judgment of the district court is affirmed.

AFFIRMED.